**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 05-4804

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOELL A. LEWIS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. William L. Osteen, District Judge. (CR-03-151)

———————

Submitted: May 17, 2006                Decided: June 6, 2006

———————

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark P. Foster, Jr., NIXON, PARK, GRONQUIST & FOSTER, P.L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Kenneth M. Smith, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joell A. Lewis challenges his conviction for conspiracy to distribute five kilograms or more of cocaine powder and the corresponding imposition of the statutory minimum sentence of ten years. On appeal, Lewis contends that there was insufficient evidence to support the jury's verdict that he conspired with others to distribute five grams or more of cocaine and that the Government engaged in sentence manipulation by increasing the quantity of cocaine it sought to sell from two or three kilograms to six kilograms, thereby invoking the mandatory minimum sentence of ten years. We have jurisdiction to review Lewis's conviction and sentence pursuant to 28 U.S.C.A. § 1291 (West 1993) and 18 U.S.C.A. § 3742 (West 2000 & Supp. 2006). For the reasons set forth below, we affirm his conviction and sentence.

We will sustain the jury's verdict if it is supported by substantial evidence. See United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005). We evaluate the sufficiency of the evidence by viewing the evidence in the light most favorable to the government. See United States v. Mitchell, 209 F.3d 319, 324 (4th Cir. 2000) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). The indictment included the drug quantity, and the jury verdict specifically referenced the drug quantity of five kilograms or more of cocaine. In addition, the evidence presented at trial showed the following: (1) An undercover police officer spoke with

2

Lewis's coconspirator, Luis Reina, to arrange a cocaine sale; (2) Reina and the undercover officer met in Charlotte and the undercover officer disclosed to Reina that he had six kilograms of cocaine to sell; (3) Reina and the undercover officer agreed to complete the drug sale the next day; (4) The following day, Reina and Lewis arrived at the agreed upon location to consummate the drug buy; (5) To facilitate the exchange, Lewis called a third coconspirator and requested that he bring the cash to the location; (6) After the vehicle carrying the cash arrived at the scene, the undercover officer gave the key to his car, which contained the six kilograms of cocaine, to Lewis and Reina; (7) The undercover officer then entered the coconspirators' vehicle which contained the cash; and (8) Lewis entered the undercover officer's vehicle to obtain the six kilograms of cocaine. In light of the above evidence, we conclude that substantial evidence supported the jury's verdict that Lewis conspired to distribute five kilograms or more of cocaine. See United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993) ("It is . . . elementary that one may be a member of a conspiracy without knowing its full scope, or all its members, and without taking part in the full range of its activities or over the whole period of its existence.").

We turn next to Lewis's argument that the Government engaged in sentence manipulation when its undercover officer agreed to sell six kilograms of cocaine to Lewis's coconspirators. Lewis contends

3

that the conspirators initially agreed to purchase only two to three kilograms of cocaine, but decided to purchase six kilograms due to the favorable price offered by the undercover officer. This court has never adopted the sentencing manipulation theory and has looked with skepticism on claims of sentence manipulation. See United States v. Jones, 18 F.3d 1145, 1155 (4th Cir. 1994) ("We . . . note our skepticism as to whether the government could ever engage in conduct not outrageous enough so as to violate due process to an extent warranting dismissal of the government's prosecution, yet outrageous enough to offend due process to an extent warranting a downward departure with respect to a defendant's sentencing."); see also United States v. Connell, 960 F.2d 191, 196 (1st Cir. 1992) ("By their nature, sting operations are designed to tempt the criminally inclined, and a well-constructed sting is often sculpted to test the limits of the target's criminal inclinations. Courts should go very slowly before staking out rules that will deter government agents from the proper performance of their investigative duties."). Accordingly, we decline to adopt Lewis's sentencing manipulation theory and we find no error in his sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4